IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| THE LAKE HILLS MOTEL, INC., et al., | ) ) ) |
| Plaintiffs, | ) ) ) No. 2:17-cv-04238-NKL |
| v. | ) ) |
| BOARD OF TRUSTEES OF THE BENTON COUNTY SEWER DISTRICT #1, et al., | ) ) ) ) |
| Defendant. | ) ) |

**ORDER**

Pending before the Court is Defendants Board of Trustees of the Benton County Sewer District #1, Harold James, and Rodney Meyer's Motion to Dismiss, Doc. 7. For the following reasons, the motion is granted.

**I.   Background[1]**

Plaintiffs in this case are Josephine Baker, as trustee of the Josephine L. Baker Revocable Trust ("the Trust"), and The Lake Hills Motel, Inc. ("the Motel"), of which Baker is the principal shareholder. Defendants are the Board of Trustees of the Benton County Sewer District #1, three former trustees, Harold James, Ted Seek, and Gerald Duvall, and the former treasurer, Rodney Meyer. Mark Geisinger and Construction Services and Management, LLC, a contractor that disconnected Plaintiffs' sewer line in October 2012, are also defendants.

The Motel is located in Benton County, Missouri, on property owned by the Trust. In

---

[1]   The facts are found in Plaintiffs' Complaint. Doc. 1, p. 4. For purposes of deciding the Defendant's Motion to Dismiss, the Court accepts the Plaintiffs' factual allegations as true and construes them in the light most favorable to Plaintiff. *See Stodghill v. Wellston Sch. Dist.,* 512F.3d 472, 476 (8th Cir. 2008).

November, 1994, the Benton County Sewer District ("the District") was formed as a political subdivision pursuant to Mo. Rev. Stat. §§ 204.250 and 204.270. Plaintiffs allege that prior to the formation of the Benton County Sewer District the Motel utilized its own permitted lagoon for disposal of waste water on the property. After the District was formed, however, it represented to Plaintiffs that they were required to utilize its sewer services.

In April 1998, the Board of Trustees of the District determined sewer rates and levied the charges against property owners within the District's borders. The District utilized a flat rate, rather than basing charges off of actual usage. Over time, the rates that the District charged to Plaintiffs sharply increased. Between 2007 and 2013, the District increased rates more than 300%. Plaintiffs objected to the increase, and were told that if they installed a water meter their monthly sewer charges could be assessed on actual usage. Accordingly, Plaintiffs installed a water meter in April 2011, at a cost of $2,256.00.

Following installation of the meter, the District refused to read it or to base Plaintiffs' sewage charges on the meter data. In response, Plaintiffs refused to pay the increased sewer charges. On April 13, 2011, the District filed a lien on Plaintiffs' property with the Benton County Recorder's Office, without prior notice, based on its assessment of sewer charges. On October 15, 2012, the District posted a "service stop notice" on the Motel's front door, claiming $10,592.75 in arrearages. The notice stated that unless the arrearage was paid in full, Plaintiffs' sewer service would be disconnected on October 18, 2012. On October 18, 2012, the District disconnected Plaintiffs' sewer line. On November 6, 2012, the District released the previous lien that was filed on Plaintiffs' property, and filed a new lien in the amount of $12,017.46. The District reconnected the sewer in November 2013, and the Motel now pays approximately $60 per month for sewer charges.

Plaintiffs bring this suit alleging in their Complaint, Doc. 1:

- Count I: Plaintiffs' claim under 42 U.S.C. § 1983 for unlawful taking, substantive due process, the termination of sewer services, and filing of liens without due process of law, and trespass
- Count II: Plaintiffs' claim under 42 U.S.C. § 1983 for sewer charges assessed without due process of law
- Count III: Defendants' violation of due process of law under Article X, Section 22 of the Missouri Constitution with respect to the unconstitutional tax imposed by defendants
- Count IV: Plaintiffs' claim under Chapter 536 RSMO, (The Missouri Administrative Procedures Act)
- Count V: Slander of title.
- Count VI: Tortious interference with business expectancy
- Count VII: Trespass

## II. Discussion

Defendants Board of Trustees of the Benton County Sewer District #1 ("the Board of Trustees"), Harold James, and Rodney Meyer move to dismiss under Fed R. Civ. P. 12(b)(1) and (6), arguing that the Court lacks jurisdiction because Plaintiffs' claims are barred by the statute of limitations, that the Defendants are entitled to various immunity defenses, and that Plaintiffs fail to establish a constitutional violation by Defendants under 42 U.S.C. § 1983. Federal courts consider motions to dismiss for failure to state a claim and for lack of subject matter jurisdiction under the same standard. *Vankempen v. McDonnell Douglas Corp.*, 923 F. Supp. 146 (E.D. Mo. 1996). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A complaint must do more than allege labels and conclusions or a formulaic recitation of the elements of a cause of action." *Zink*, 783 F.3d at 1098 (quotations omitted). On a motion to dismiss, the Court construes the complaint liberally, in the light most favorable to the plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008).

A.  **Counts I and II**

Counts I and II of the Complaint are brought under 42 U.S.C. § 1983. Count I alleges "unlawful taking, substantive due process, the termination of sewer services, and filing of liens without due process of law, and trespass." Doc. 1, p. 9. Count II alleges that the sewer charges were levied against Plaintiffs without due process of law. Doc. 1, p. 15.

1.  **The Board of Trustees is not Subject to Suit under 42 U.S.C. § 1983**

"Section 1983 provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1991) (citing 42 U.S.C. § 1983) (emphasis added). While a state is not a "person" under § 1983, *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that a state is not a person under § 1983), local municipalities are considered persons under § 1983, *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978) (finding that "Congress did intend municipalities and other local government units to be included among those persons to whom § 1983 applies"). In Missouri, a sewer district is a political corporation, "treated much like a municipality under common law." *Pub. Water Supply Dist. No. 3 of Laclede Cty., Missouri v. City of Lebanon*, Missouri, No. 07-3351-CV-S-GAF, 2008 WL 11338412, at *2 (W.D. Mo. Nov. 20, 2008) (citing *Missouri ex rel. Halferty v. Kansas City Power & Light Co.*, 145 S.W.2d 116, 122 (Mo. 1940)); *see also Carmi v. Metro. St. Louis Sewer Dist.*, 471 F. Supp. 119, 120 (E.D. Mo. 1979) (finding that a sewer district "is a municipal corporation . . ."). Therefore, the Benton County Sewer District #1 is a person under § 1983.

Defendants maintain, however, that while the District is a person subject to § 1983 liability, the Board of Trustees is not. For support, Defendants cite the statutory framework governing common sewer districts in Missouri. Mo. Rev. Stat. § 204 et seq. Under Mo. Rev.

4

Stat. § 204.290, "when the board of trustees . . . is appointed and organized, the district shall be considered in law and equity a body corporate and politic," and "may sue and be sued." There is no similar provision with regard to the board of trustees. Sewer district trustees are governed by Mo. Rev. Stat. § 204.300, which determines how they are appointed, their qualifications, and compensation. It does not state anywhere that the Board of Trustees is a political corporation, or that it is capable of suing or being sued.

The Court finds that, under the statutory framework, the Benton County Sewer District #1 is the proper party for Plaintiffs to bring their § 1983 claims against, and not the Board of Trustees. The Board of Trustees is not capable of being sued, under § 1983 or otherwise, and therefore Plaintiffs' claims in counts I and II must be dismissed.

> 2. **Plaintiffs' § 1983 claims against Defendants James and Meyer for unlawful taking and levying sewer charges without due process of law are time barred**

"As a general rule, 'the possible existence of a statute of limitations defense is not ordinarily a ground for Rule 12(b)(6) dismissal unless the complaint itself establishes the defense.'" *Couzens v. Donohue*, 854 F.3d 508, 516 (8th Cir. 2017) (quoting *Joyce v. Armstrong Teasdale, LLP*, 635 F.3d 364, 365 (8th Cir. 2011)). However, where it is apparent from the plaintiff's complaint that the statute of limitations applies, dismissal under Rule 12(b)(6) is appropriate. *Jessie v. Potter*, 516 F.3d 709, 713 n.2 (8th Cir. 2008); *Blankenship v. Chamberlain*, 695 F. Supp. 2d 966, 971 (E.D. Mo. 2010).

As the Eighth Circuit has explained, "§ 1983 claims accruing within a particular state should be governed by that state's statute of limitations governing personal-injury claims," *Walker v. Barrett*, 650 F.3d 1198, 1205 (8th Cir. 2011). Therefore, here, the statute of limitations is five years. Mo. Rev. Stat. § 516.120.4 (governing "an action for . . . any other

injury to the person or rights of another"). The accrual date of a § 1983 action, however, "is a question of federal law that is not resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). "Accrual occurs when the plaintiff has a complete and present cause of action . . . that is, when the plaintiff can file suit and obtain relief." *Id.*

Plaintiffs' unlawful taking claim is based on the Defendants' requirement that the Plaintiffs abandon their existing sewage system in favor of the District's. According to the Complaint, however, the District required the Plaintiffs to cease using their existing system in 1999. Even assuming, *arguendo*, that the Defendants' actions constituted an unlawful taking, the Plaintiffs had a complete and present cause of action when the taking occurred, in 1999. As such, Plaintiffs' unlawful taking claim accrued well more than five years before this suit was filed, and it is time barred.

Plaintiffs' claim that the Defendants assessed sewer charges without due process of law is based on the Defendants' failure to provide adequate public notice of the proposed rate changes, or to submit the proposed rate changes to the citizens for a vote. The rate changes that Plaintiffs challenge were assessed in 1998, 1999, 2010, and 2011—each more than five years before this suit was filed. Plaintiffs argue that the claim remains timely, however, because the sewer rate increases resulted in a lien on Plaintiffs' property in November 2012.

"As a general principle, section 1983 claims accrue when the plaintiff knows, or has reason to know, of the injury on which the action is based." *Marrero-Gutierrez v. Molina*, 491 F.3d 1, 5 (1st Cir. 2007); *Eidson v. State of Tennessee Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007). Assuming, *arguendo*, that the rates were unconstitutional, Plaintiffs' injury occurred when the Defendants sought payment. *See Tomaselli v. Beaulieu*, 967 F. Supp. 2d 423, 440 (D. Mass. 2013) ("[T]he injury at issue in the instant case occurred . . . when the Town

6

sought payment of the challenged betterment assessment and sewer usage fees . . . ."). Indeed, Baker objected to the price increases in January 2011, and refused to pay the increased sewer rates in April 2011. Therefore, Plaintiffs knew of the injury no later than April 2011. The November 2012 lien serves only as an additional harmful consequence, which arose from the initial unconstitutional act of assessing sewage rates without due process. *See e.g.*, *Marrero-Gutierrez*, 491 F.3d at 5-6 ("A claimant is deemed to 'know' or 'learn' of a discriminatory act at the time of the act itself and not at the point that the harmful consequences are felt."). Plaintiffs' claims accrued in April 2011 at the latest, when they could have "file[d] suit and obtain[ed] relief." *Wallace*, 549 U.S. at 388.[2]

For the foregoing reasons, Plaintiffs' § 1983 claims for unlawful taking, in count I, and levying sewer charges without due process of law, count II, are barred by the statute of limitations.

### 3. Defendant Meyer and James are entitled to Qualified Immunity on Plaintiffs' Remaining § 1983 Claims

Qualified Immunity shields government officials from liability for damages when their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Krout v. Goemmer*, 583 F.3d 557, 564 (8th Cir. 2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The determination of whether a defendant is entitled to qualified immunity is a two-part inquiry. First, the Court asks "(1) whether the facts alleged or shown . . . establish a violation of a constitutional or statutory right, and (2) whether that constitutional right was clearly established . . . , such that a reasonable official would have known that his actions were unlawful." *Krout*, 583 F.3d at 564 (citing

---

[2] To the extent that Plaintiffs may argue the November 2012 lien constituted part of a "continuing violation," the argument is similarly misplaced. "[A] continuing violation is occasioned by continual unlawful acts, not continual ill effects from an original violation." *Tolbert v. State of Ohio Dep't of Transp.*, 172 F.3d 934, 940 (6th Cir. 1999).

*Pearson v. Callahan*, 555 U.S. 223 (2009)). Defendants James and Meyer are entitled to qualified immunity because Plaintiffs fail to establish that either one violated Plaintiffs' constitutional or statutory rights.

### a. Substantive Due Process

Plaintiffs assert that the Defendants violated their substantive due process rights. The Fourteenth Amendment's guarantee of substantive due process prevents the government from engaging in "conduct that is so outrageous that it shocks the conscience or otherwise offends judicial notions of fairness, or is offensive to human dignity," or "interferes with rights implicit in the concept of ordered liberty." *Moran v. Clark*, 296 F.3d 638, 643 (8th Cir. 2002) (quoting *Weiler v. Purkett*, 137 F.3d 1047, 1051) (8th Cir. 1998) (en banc)). The first step in the analysis of a substantive due process claim "must begin with an examination of the interest allegedly violated." *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 445–46 (8th Cir. 1995).

The Complaint's only mention of substantive due process is a single line, which states that "the conduct of Defendants was outrageous and violated Plaintiffs' substantive due process rights." Doc. 1, p. 10. The Complaint does not specify which conduct it refers to, or which interest was allegedly violated. It also does not indicate how James or Meyer is involved. The Complaint alleges that Meyer specifically took only one action, filing a lien on Plaintiffs' property, and does not specify any of James' actions. Most of the conduct alleged in count I either refers generically to "defendants," or to the District.

Even construing the Complaint in the light most favorable to the Plaintiffs, and interpreting the substantive due process claim to be based on Plaintiffs' interest in continued sewer services, the claim still fails to establish a constitutional violation. In *Ransom v. Marrazzo*, 848 F.2d 398, 412 (3rd Cir. 1988), the Third Circuit "reject[ed] the claim that

conditioning the receipt of water and sewer service on the satisfaction of past due charges . . . raises the question of a substantive due process deprivation." There, the plaintiffs similarly argued that the deprivation of their water and sewer services on the grounds of payment delinquencies violated substantive due process. *Id.* at 411. The Third Circuit determined that, while a municipalities' provision of water and sewer services to its citizens creates a property interest within the scope of the Fourteenth Amendment's procedural protections, that interest is not "a substantive guarantee against the state in any circumstance." *Id.* at 412. In accordance with *Ransom*, Plaintiffs in the present matter cannot establish a substantive due process violation based on the deprivation of sewer services.

As Plaintiffs have failed to establish a substantive due process violation on behalf of either James or Meyer, both are entitled to qualified immunity.

### b. Procedural Due Process

Plaintiffs also assert that the Defendants violated their rights to procedural due process. To succeed on this claim, Plaintiffs must establish (1) that they were deprived of a protected life, liberty, or property interest, and (2) that they were not provided sufficient due process under the circumstances. *Board of Regents v. Roth*, 408 U.S. 564, 570 (1972). For the purposes of this motion, Defendants do not dispute that Plaintiffs had a property interest in continued sewer services. The only remaining question, therefore, is whether Plaintiffs were afforded sufficient due process. Due process requires that an interested party be afforded reasonable notice of an impending action and an opportunity to be heard prior to deprivation of a protected property interest. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Plaintiffs maintain that they did not receive reasonable notice or any opportunity to be heard prior to the disconnection of their sewer services. James and Meyer argue that the

9

Plaintiffs failed to plead any facts that show either one of the defendants denied the Plaintiffs due process. James and Meyer argue that the services were terminated by an action of the District, rather than the individuals, and that any failure to give proper notice or hearing was likewise a failure of the District, and not the individuals. The Court agrees. As above, the only specific mention of either Meyer or James in Count I is a single allegation that Meyer filed a lien on Plaintiffs' property in November 2012. There is no allegation that either Defendant was personally involved in terminating Plaintiffs' sewer services, or that either was involved in the District's failure to give proper notice or a hearing to the Plaintiffs.

Because the Plaintiffs fail to establish that either Meyer or James violated the Plaintiffs' right to procedural due process, both are entitled to qualified immunity.

### c. Trespass

Plaintiffs' final § 1983 claim asserts trespass. To present a claim under § 1983, Plaintiffs must show a state actor caused the Plaintiffs to suffer a deprivation of a constitutional or statutory right. 42 U.S.C. § 1983. Even assuming, without deciding, that Plaintiffs' trespass claim is appropriate under § 1983, the Complaint does not establish that either Defendant James or Meyer were involved. The Complaint alleges only that the Defendant Contractor and Defendant Seek went onto Plaintiffs' property to disconnect Plaintiffs' sewer services. There is no allegation, in the Complaint or in the briefing, that either James or Meyer ever entered onto Plaintiffs' property. As such, Plaintiffs fail to establish that Meyer or James violated a constitutional or statutory right by trespassing on Plaintiffs' property, and both are entitled to qualified immunity on the claim.

### B. Counts III, IV, V, VI, and VII

The Court has considered Plaintiffs' ancillary claims contained in counts III, IV, V, VI, and VI, and finds that none constitute a violation of federal law. The Court further finds that the question of whether Defendants Board of Trustees, James, or Meyer may have violated the Missouri constitution, a state statute, or state law, is a question that should be resolved in state court. *See* 28 U.S.C. § 1367(c)(3) (court may decline to exercise supplemental jurisdiction over pendent state-law claims if it has dismissed all claims over which it had original jurisdiction).

## III. Conclusion

For the reasons set forth above, Defendants Board of Trustees of the Benton County Sewer District #1, Harold James, and Rodney Meyer's Motion to Dismiss, Doc. 7, is granted.

/s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: March 14, 2018
Jefferson City, Missouri